UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FREDDIE LOUIS DILLARD, | Civil No. 05-2568 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| ROBERT HAWLEY, RICK MATHWIG, NICHOLAS OLSON, MICHAEL PARKOS, and MATHEW MARSHAL, | |
| Defendants. | |

---

On July 10, 2006, Plaintiff Freddie Louis Dillard filed a motion to amend his complaint [Docket No. 24]. By an order entered September 28, 2006 [Docket No. 32], Magistrate Judge Jeanne J. Graham denied Dillard's motion. This Court construes Dillard's "Notice of Appeal" [Docket No. 33] as an objection, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to the portion of Magistrate Judge Graham's order that denied Dillard's motion to amend his complaint.[1]

This Court will uphold a magistrate judge's ruling on a nondispositive pretrial motion unless that ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.

---

[1] Magistrate Judge Graham's order also addressed, but did not dispose of, Dillard's motion to modify the pretrial scheduling order [Docket No. 28]. Rather than granting or denying that motion, Magistrate Judge Graham gave Dillard until October 6, 2006, to serve the motion on the defendants and to file an affidavit of service. (Order at 3.) Because Magistrate Judge Graham did not rule on Dillard's motion to modify the pretrial scheduling order, this Court does not address the portions of Magistrate Judge Graham's order relating to that motion. The Court notes, however, that Dillard's motion to modify the pretrial scheduling order [Docket No. 28] does include a page labeled "Certificate of Service" that states that Dillard served "all parties" by first-class mail, in apparent contradiction to a statement in Magistrate Judge Graham's order (Order at 1).

Civ. P. 72(a).  Having reviewed Magistrate Judge Graham's order and Dillard's objection, the Court finds that the order is neither clearly erroneous nor contrary to law.

As Magistrate Judge Graham pointed out (Order at 1-2), Dillard's motion is procedurally defective because it omits a copy of the proposed amended complaint and therefore does not comply with Local Rule 15.1.  Further, Dillard's proposed amendment is futile because he fails to state a claim.  Dillard sought to add a claim under § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), but he does not allege either in the original complaint or in his proposed amendment that he fits within any of the categories of people covered by the statute.[2]  Because leave to amend is properly denied when the proposed amendment is futile, *see Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003), Magistrate Judge Graham properly denied Dillard's motion.

ORDER

The order of Magistrate Judge Graham entered September 28, 2006 [Docket No. 32] is hereby AFFIRMED.

Dated:  January 26, 2007         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge

---

[2] Section 704(a) prohibits retaliatory discrimination:  (1) by employers against employees or job applicants; (2) by employment agencies and similar entities such as training program against anyone; and (3) by labor unions against members or applicants.  42 U.S.C. § 2000e-3(a).