UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Freddie Louis Dillard,**

    Plaintiff,

v.

**Robert Hawley,**
**Rick Mathwig,**
**Nicholas Olson,**
**Michael Parkos,**
**Mathew Marshal,**

    Defendants.

Civil No. 05-2568 (PJS-JJG)

**REPORT**
**AND**
**RECOMMENDATION**

---

This matter is before the undersigned for resolution of pretrial motions. Plaintiff Freddie Dillard is proceeding on his own behalf. The defendants are represented by Elisa M. Hatlevig, Esq. These motions are referred to this Court in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Mr. Dillard (Dillard) is currently incarcerated at a Minnesota state prison in Moose Lake. The defendants are five police officers who were involved in the arrest that led to his conviction and imprisonment. Bringing action under 42 U.S.C. § 1983, Dillard alleges that the defendants illegally entered his hotel room, kidnapped and sexually assaulted him, and then concealed their wrongdoing.

Moving to dismiss (Doc. No. 35), the defendants argue that Dillard has not participated in discovery and that dismissal with prejudice is an appropriate sanction. The record shows that Dillard was served with interrogatories and requests for production on August 30, 2006 and he was served with a notice of deposition on August 31, 2006. This discovery sought information about the events on the day of the purported assault, as well as medical records and other documentation.

Counsel for the defendants then made arrangements to conduct the deposition at the prison on October 5, 2006. Counsel has since suggested that they also would have conferred with Dillard about other discovery issues. But Dillard did not appear as scheduled. According to Steven Ergen, a prison case worker, Dillard refused to attend. By a memorandum on November 1, 2006, Dillard objected to discovery of his medical records, arguing that this inquiry was unconstitutional.

In support of their arguments for dismissal, the defendants cite Rule 37(d) and Rule 41(b). Rule 37(d) provides in relevant part,

> If a party . . . fails (1) to appear before the officer who is to take the deposition, or (2) to serve answers or objections to interrogatories . . . after proper service of the interrogatories, or (3) to serve a written response to a request for inspection . . . the court in which the action is pending on motion may make such orders as are just [including dismissal of the action].

In limited circumstances, dismissal is an appropriate sanction under this rule. For failure to appear at a deposition, dismissal is not allowed when the plaintiff is physically present but refuses to testify. *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). For failure to answer interrogatories, the lack of response must amount to a "total failure to respond," and it may only be appropriate for a court to dismiss *without* prejudice. *Laclede Gas Co. v. G.W. Warneke Corp.*, 604 F.2d 561, 565-66 (8th Cir. 1979).

Rule 41(b) provides in relevant part, "For the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Where a plaintiff refuses to meaningfully participate in discovery, and other sanctions are not likely to move the case forward, a court has discretion to order dismissal with prejudice under this rule. *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1222-23 (8th Cir. 1998).

2

Regardless of whether it is imposed under either Rule 37(d) or Rule 41(b), a sanction should be reasonably tailored to prevent further misconduct. Dismissal is a particularly extreme sanction that only should be considered for willful misconduct or intentional delay. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975).

The record here shows that Dillard has consistently resisted discovery. But he has alleged serious injuries, including sexual assault, and in such a case discovery of medical records is relevant and reasonable. *See Schoffstall v. Henderson*, 233 F.3d 818, 822-23 (8th Cir. 2000). So Dillard may not appreciate the consequences of his failure to cooperate with discovery.

Under these circumstances, dismissal may be a particularly harsh sanction. But this Court also has discretion to suggest another appropriate sanction. *See Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir. 1985). It is reasonable for Dillard to have some extra time to respond to discovery. But if he continues to oppose discovery, dismissal may be appropriate. This report and recommendation is crafted accordingly.

Opposing the defendants' motion to dismiss, Dillard has brought two motions of his own. By a motion to strike (Doc. No. 44), he argues that Ergen should not have been allowed to testify about Dillard's refusal to attend the deposition. Dillard asserts that, because of this misconduct, the defendants' motion to dismiss should be stricken. This argument lacks merit and is appropriately denied.

Though Dillard styles another motion as one to deny summary judgment (Doc. No. 53), it evidently opposes the defendants' motion to dismiss. Yet this motion does not meaningfully address the defendants' arguments for dismissal. Nevertheless, this Court has determined that dismissal is not an appropriate remedy at this point. For this reason, Dillard's motion to deny summary judgment may be denied as moot.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion to dismiss (Doc. No. 35) be **DENIED.**

2. On or before March 30, 2007, Dillard shall do the following.

   a. Serve the defendants with responses, or with appropriate objections, to the interrogatories and requests for production of August 30, 2006.

   b. Appear for a deposition in accordance with the notice of August 31, 2006.

3. If Dillard fails to comply with this order, the defendants shall have until April 20, 2007 to bring another motion to dismiss for failure to prosecute.

4. Dillard's motion to strike the motion to dismiss (Doc. No. 44) be **DENIED.**

5. Dillard's motion to deny summary judgment (Doc. No. 53) be **DENIED AS MOOT.**

Dated this 12th day of February, 2007.             s/Jeanne J. Graham

                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by March 2, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.